Filed 1/4/21  P. v. Lamphere CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077880 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CRN26309) |
| AARON THOMAS LAMPHERE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Runston G. Maino, Judge.  Affirmed.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1994, Aaron Lamphere was convicted of second degree murder (Pen. Code,[1] § 187, subd. (a)), inflicting corporal injury to a child with a great bodily injury enhancement (§§ 273d and 12022.7), and child abuse (§ 273a, subd. (1)).  Lamphere was sentenced to a term of 22 years to life in prison.

---

[1]    All further statutory references are to the Penal Code.

Lamphere appealed his conviction and in 1995 the court upheld the convictions in an unpublished opinion in *People v. Lamphere* (July 28, 1995, D021518).

In 2020, Lamphere filed a petition under section 1170.95 seeking resentencing of his murder conviction.

The court appointed counsel and received briefing from the parties. Following briefing, the court denied the petition by written order holding Lamphere had not presented a prima facie case of eligibility for relief under section 1170.95.

Lamphere filed a timely notice of appeal.

STATEMENT OF FACTS

Appellate counsel has set forth a statement of facts of the underlying trial, taken from our prior opinion. We will adopt that summary as a statement of facts for this opinion.

Lamphere lived in a two-bedroom apartment with R.C., two of her sons, 18-month-old Joseph and four-year-old William, and another roommate. Lamphere had met R.C. in October 1992, moved in with her, and they later became engaged. Lamphere, a young marine, worked during the day and provided child care for R.C.'s children while she was working in the evenings and on weekends.

On May 31, 1993, R.C. got out of bed around 2:00 p.m. and left the apartment about a half hour later. Upon leaving, she saw William in the living room playing a video game and Joseph sitting on the couch. When she returned at about 3:30 p.m., William was still playing in the living room; Lamphere said Joseph was taking a nap. In the bedroom she saw part of Joseph's legs and bottom under a blanket. A short time later, R.C. and

William walked to a swimming pool in the apartment complex, leaving Lamphere and Joseph in the apartment.

About 30 to 45 minutes later, a neighbor came to the pool and told R.C. that Joseph was sick. R.C. went to the neighbor's apartment, where she saw Lamphere attempting to perform CPR on Joseph. Paramedics arrived and took Joseph to a hospital. Lamphere told R.C. he had found Joseph wrapped in blankets and not breathing. Joseph died at the hospital.

Joseph's death was a result of hypoxic encephalopathy, a decrease in the supply of oxygen to the brain, which was in term a result of asphyxia, an interference with the use of oxygen by the body. The autopsy also revealed a four-day-old second degree burn on the sole of Joseph's foot.

At a police interview on the evening of Joseph's death, Lamphere said he had found Joseph with the blanket wrapped around his head. The next day Lamphere was interviewed again. At this interview he told police that while he was caring for Joseph, Joseph cried incessantly. Lamphere said he then put his hand over Joseph's mouth for "a few minutes" or "about a minute." He said he "had a seal around [Joseph's] mouth," but did not know if he had covered his nose, and he thought Joseph was getting oxygen because he continued to cry. He told police that when he took his hand off Joseph's mouth, Joseph was breathing "really deep." He then put Joseph to bed. He said he was afraid, but did not think he had hurt Joseph because Joseph's eyes were open and his breathing had returned to normal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating he has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Lamphere the opportunity to file his own brief on appeal, but he has not responded.

3

DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief. Counsel asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issue that was considered in evaluating the potential merits of this appeal: Whether the court erred in denying Lamphere's petition for resentencing under section 1170.95.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Lamphere on this appeal.

DISPOSITION

The order denying Lamphere's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.



DATO, J.

4